IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HENRY D. MCKNIGHT, JR.,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )   Case No. 19-2353-DDC-GEB |
| | ) |
| **CITY OF TOPEKA, KANSAS, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on defendant City of Topeka's Motion to Designate Topeka as the Place of Trial (**ECF No. 33**). Defendant filed the motion on May 7, 2020, making any response to the motion due on May 21, 2020. No response in opposition has been filed. Therefore, the motion is uncontested and may be granted without further notice pursuant to D. Kan. Rule 7.4. Additionally, in its discretion, the Court finds the balance of factors weigh in favor of the trial being moved to Topeka as analyzed under D. Kan. Rule 40.2(e) and 28 U.S.C. § 1404(a). For the reasons set forth herein, Defendant's motion is **GRANTED** and the trial of this matter shall take place in Topeka, Kansas.

**I.     Background**

As outlined in Defendant's motion, in this case Plaintiff seeks compensation arising from his arrest in December 2016 by officers with the Topeka Police Department and the resulting prosecution, which he claims violated his Constitutional rights. (ECF

No. 33.) Plaintiff's initial disclosures[1] indicate he is a Topeka resident, and he filed suit against three Topeka defendants: the City of Topeka, Kansas; and Brandon Uhlrig and Zachary Goodman, both Topeka police officers. (ECF No. 1.)

Plaintiff filed this case on June 28, 2019 and designated Kansas City, Kansas as the place of trial. (ECF No. 1 at 11.) After the case proceeded to pretrial conference, defendant City of Topeka filed its motion seeking to change the place of trial to Topeka. (ECF No. 33.) The motion is now ripe for decision.

## II. Defendant City of Topeka's Motion to Designate Topeka as the Place of Trial (ECF No. 33)

Defendant argues Topeka is substantially more convenient for the trial of this case. Plaintiff lives in Topeka, and all witnesses identified by both parties—with the exception of the Honorable District Judge Daniel D. Crabtree—currently work or reside in Topeka.[2] Plaintiff's arrest occurred in Topeka as well as the underlying criminal trial. All counsel are located in Topeka. There is not a single visible connection between this matter and Kansas City.

As noted above, Plaintiff did not dispute Defendant's contentions; however, the Court briefly applies the relevant legal standard. Although the party initiating a federal case must designate its preferred place of trial, the "court is not bound by the requests for place of trial. It may determine the place of trial upon motion or in its discretion." D. Kan. Rule 40.2(e). When reviewing motions to determine place of trial, the judges in this

---

[1] Pl.'s Initial Disclosures (ECF No. 33-1, Ex. A.).
[2] Defendant identified five (5) witnesses in its Initial Disclosures (ECF No. 33-2, Ex. B); three of those witnesses overlap with witnesses identified by Plaintiff, and all five live or work in Topeka.

district have long applied the factors relevant to a 28 U.S.C. § 1404(a) motion for change of venue.[3] Such factors are: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.[4]

After application of the above factors, the Court finds although the motion is unopposed, Defendant has also met its burden to demonstrate Plaintiff's selected forum is inconvenient.[5] Although Plaintiff's choice of trial is usually given substantial weight, here, Plaintiff does not reside in the chosen forum, so the rationale for allowing him to dictate the place of trial evaporates.[6] And, Plaintiff has chosen not to oppose Defendant's request. Furthermore, there is a complete lack of connection to Kansas City. All witnesses reside or work in Topeka, and all evidence is located in Topeka, making Topeka the more convenient and accessible forum. No party has raised an issue on the record regarding obtaining a fair trial in Topeka, therefore this factor is neutral. By all appearances, a trial in Topeka would be most practical, expeditious and economical.

---

[3] *Lopez-Aguirre v. Bd. of Cnty. Comm'rs of Shawnee Cnty., KS*, No. 12-2752-JWL, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014); *see also Taher v. Wichita State Univ.*, No. 06-2132-KHV-DJW, 2007 WL 1149143, at *1 (D. Kan. Apr. 18, 2007) (citations omitted).

[4] *Lopez-Aguirre*, 2014 WL 853748, at *1; *see also Bright v. BHCMC, LLC,* No. 17-2529-JWL-GEB, 2018 WL 398450 (D. Kan. Jan. 12, 2018).

[5] *Lopez-Aguirre*, 2014 WL 853748, at *1.

[6] *Id*.; *see also Smith v. Staffmark Temp. Agency*, No. 07-2089-CM-GLR, 2007 WL 2436669, at *1 (D. Kan. Aug. 22, 2007) (quoting *Spires v. Hosp. Corp. of Am.*, No. 06–2137-JWL, 2006 WL 1642701, at *2 (D. Kan. June 8, 2006)).

"Simply put, this case has nothing to do with Kansas City . . . which makes [Topeka] far more convenient."[7]

**IT IS THEREFORE ORDERED** that defendant City of Topeka's Motion to Designate Topeka as the Place of Trial (**ECF No. 33**) is **GRANTED**. The trial of this matter shall be held in Topeka, Kansas.

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 10th day of August, 2020.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

---

[7] *Lopez-Aguirre*, 2014 WL 853748, at *2.